### CLARK VS. RAWSON.

Facts and circumstances upon which defendant in error was allowed to have a default and judgment for not joining in error, opened.

*Motion to set aside writ of error, and subsequent proceedings.*—Defendant's facts: defendant, in December last, recovered a judgment

on the reversal of a justice's judgment in the common pleas, against said plaintiff, and one Hinds, then his partner, living; afterwards a writ of error was brought to the common pleas from this court; and notice thereof served on defendant's attorney, 30th December last, who on the 2d Jan. last, caused notice of retainer to be served on plaintiff's attorney by mail, that defendant or his attorney heard nothing more of said suit until August last, when they learned an execution was in sheriff's hands, to collect $20 costs of reversal in this court, which appeared by the execution, to have been done 26th February last; defendant swears to merits, and alleges he has been overreached in this matter in some way unknown to him, as no notice of argument has ever been served on defendant or his attorney; defendant would have moved before, but for the absence of a material witness, who returned 13th September last, by which he should prove notice of a retainer served on plaintiff's attorney. Defendant's attorney on inquiring of the clerk of the county and his deputy, learns that no writ of error, certificate of a judge or bond, has ever been served on either of them, that they have not made any return to any writ of error, in any such cause to this court. Defendant's attorney has never received any notice of argument from plaintiff's attorney, in said suit. Defendant's attorney believes plaintiff's attorney has never procured a certificate of the judge who tried the cause below, nor filed or served the same with the clerk of the county, as required by statute, defendant proves the mailing notice of retainer to plaintiff's attorney, directed to him at his residence, and payment of postage on the 2d January last, and also that no certificate of the presiding judge was presented to the supreme court commissioner, who allowed a writ of error. Plaintiff's facts: after the judgment of reversal by the common pleas, plaintiff's attorney obtained the certificate of the first judge who heard the argument in the common pleas, dated, 20th December, 1843; on the 26th December, plaintiff's attorney obtained an allowance of a writ of error, and order to stay proceedings by a supreme court commissioner on the production of a sufficient bond. Writ was returnable 1st Monday of January, 1844; before the return day of said writ, and plaintiff's attorney thinks on the day of its allowance, he served the same on the clerk of the county, together with a sufficient bond, a certificate of counsel of this court, and the certificate of the first judge of the county before mentioned; and on 30th December, 1843, plaintiff's attorney served notice of bringing the writ of error and filing the bond with the clerk of the county, and received defendant's attorney's admission of service of such notice, that the clerk of the county, before the return day of said writ,

made a return thereto and filed the same together with all the papers served on him in this cause, except the bond (as stated by the clerk of the county, with the clerk of this court, which return plaintiffs' at- [19 torney has seen on file. On the 2d February, 1844, plaintiffs' attorney filed assignment of errors and entered rule to join in 20 days; no joinder in error has ever been received by him. Plaintiffs' attorney fully denies ever in any way or manner receiving notice of retainer in this cause, from any person, for defendant; after the 20 days expired plaintiffs' attorney on an affidavit entered rule for judgment of reversal in common rule book, kept by the clerk of this court, and perfected judgment 26th February, 1844; on the 10th July, 1844, issued execution for costs; on the 10th of September last, Jason Hinds, one of the plaintiffs died.

    G. M. Bucklin, *Defts Atty.*        D. J. Wager, *Plffs Atty.*

*Decision.*—Ordered that the default be opened, on payment of all plaintiffs' costs in this court, and costs of opposing motion; if said costs are not paid in 20 days after demand, then motion denied, with costs of opposing.